Lowene R. CLEMENTE, Plaintiff,

v.

UNITED STATES of America, and United States Air Force, a military department of the United States of America, with Hans M. Mark, Secretary, Defendants.

No. CV 79–3952–AAH(Sx).

United States District Court, C. D. California.

April 30, 1980.

---

S. Timothy Buynak, Jr., Santa Barbara, for plaintiff.

Andrea Sheridan Ordin, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, and Peter R. Osinoff, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## DECISION AND ORDER REMANDING CASE AND FOR DISMISSAL WITHOUT PREJUDICE

HAUK, District Judge.

The Motion of Defendants to Dismiss this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, came on regularly for hearing before the Honorable A. ANDREW HAUK, United States District Judge, on the 21st day of April, 1980.

### FINDINGS OF FACT

The Court, having considered the pleadings herein, the Certified Administrative Record, the Memoranda and Declarations submitted by both sides, and having heard oral argument of counsel, finds that:

1. Plaintiff's failure to discuss her case with an EEO Counsellor is not a jurisdictional defect;

■ 2. Defendants through their personnel at Vandenberg Air Force Base, California, had an affirmative duty to timely refer Plaintiff's complaints to an EEO Counsellor for consideration and to fully advise Plaintiff of the administrative processing requirement and her rights therein, which Defendants failed to accomplish, although Plaintiff has been consistently employed at Vandenberg Air Force Base, California, since lodging her complaints;

3. Because of these failures by Defendants, Plaintiff's complaints were never accepted and processed administratively in accordance with Defendants' regulations, which processing would aid immensely in the resolution of the difficulties herein considered, which failure constituted and constitute arbitrary, capricious and unreasonable denial of the due process of law rights of Plaintiff.

■ 4. Jurisdiction of this Court to hear discrimination complaints under 42 United States Code § 2000e–16 terminates thirty days after *receipt* of the final notice of agency determination by the Plaintiff; otherwise, this Court has continuing jurisdiction to entertain the judicial complaint herein, beginning 180 days after Plaintiff filed her formal initial charge with the agency;

5. Notice of the final agency determination was never received by Plaintiff. Defendant Air Force, in violation of its own regulations (A.F.R. 40–713, October 20, 1975, Par. 23e.), failed to send to Plaintiff and her representative a written decision by certified mail, return receipt requested. And because 180 days have elapsed between the filing of Plaintiff's formal initial charge and the filing of the complaint herein, this Court has continuing jurisdiction.

6. Any conclusion of law deemed as or properly constituting a finding of fact is hereby adopted as a finding of fact.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over this action.

2. Defendants' Motion to Dismiss for lack of subject matter jurisdiction should be denied.

■ 3. In the interest of justice and fairness to all parties, the complaints of Plaintiff as presented herein should be remanded to the Civilian Personnel office of Vandenberg Air Force Base, California, for continuous and diligent administrative processing by the Defendants under applicable Air Force regulations to final determination by the Defendant Air Force and the other said Defendants, all of said processing to be initiated within sixty (60) days of the date of entry of the within Decision and Order.

4. Said processing should be accomplished in strict compliance with applicable Air Force regulations, should involve all stages of administrative processing entailed therein, and should be conducted so as to insure Plaintiff for full rights in said proceedings and a fair adjudication of her complaints.

■ 5. In addition to said rights and privileges afforded by said regulations, Plaintiff should be entitled to be present at all stages of the administrative processing and to be represented thereat by her legal representative.

6. Plaintiff should not be questioned at any time without her legal representative being present and Plaintiff's legal representative should receive copies of all written communications involved in this administrative processing.

7. If the Defendants fail to initiate the said administrative processing within sixty (60) days from the date of entry of the within Decision and Order, or to fully, properly and diligently process said complaints of Plaintiff through all stages to final determination by the Air Force, this Court, upon motion by Plaintiff, should consider reopening of this proceeding herein and granting the relief prayed by the Plaintiff in her Complaint on file herein.

8. This proceeding and the complaint herein should be dismissed without prejudice to:

(a) the reopening of this proceeding upon motion of Plaintiff if the Defendants fail to initiate said administrative processing within sixty (60) days from the date of entry of this Decision and Order, or fail to fully, properly, and diligently carry on said processing to final administrative determination in strict compliance with the regulations of Defendant Air Force; or

(b) the filing by Plaintiff of a new complaint for review of the said administrative processing and final determination if Plaintiff is dissatisfied or has good legal cause to complain and seek judicial review of any portion of said administrative processing or final determination.

9. Any finding of fact deemed as or properly constituting a conclusion of law is hereby adopted as a conclusion of law.

## ORDER

Let Judgment be entered accordingly.

JUDGMENT REMANDING PROCEEDING FOR ADMINISTRATIVE PROCESSING, AND DISMISSING COMPLAINT WITHOUT PREJUDICE TO REOPENING OR TO FILING OF NEW COMPLAINT

The Court having made and entered its Decision and Order Remanding Case and for Dismissal Without Prejudice in this matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Defendants' Motion to Dismiss for lack of subject matter jurisdiction is denied.

2. The case and proceeding herein is remanded to Defendant Air Force, and the other Defendants, and particularly to the Civilian Personnel Office of Vandenberg Air Force Base, California, for continuous and diligent administrative processing by Defendants under applicable Air Force regulations to final determination by the Defendant Air Force and the other said Defendants, such processing to be initiated within sixty (60) days of the entry of the aforesaid Decision and Order and the within Judgment.

3. The Court reserves its jurisdiction and right to reopen the within proceeding, upon motion of Plaintiff, if Defendants fail to initiate the said administrative processing within said sixty (60) day period, or fail to fully, properly and diligently process Plaintiff's complaints through all stages to final determination by the Defendant Air Force, in strict compliance with its regulations.

4. This proceeding and the complaint herein are hereby dismissed, but without prejudice to:

(a) the reopening of this proceeding upon motion of Plaintiff if the Defendants fail to initiate said administrative processing within sixty (60) days from the date of entry of this Judgment, or fail to fully, properly and diligently carry on said processing to final administrative determination in strict compliance with the regulations of Defendant Air Force; or

(b) the filing by Plaintiff of a new complaint for review of the said administrative processing and final determination if Plaintiff is dissatisfied or has good legal cause to complain and seek judicial review or any portion of said administrative processing or final determination.

5. Plaintiff shall have and receive her costs of suit incurred herein which are hereby taxed in the amount of _____, and her reasonable attorney's fees which are hereby determined and fixed in the amount of Twenty Five Hundred Dollars ($2,500), all pursuant to 42 United States Code § 2000e–5(k).